IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 25-cv-02761-STV

RACHEL EVANS,

      Plaintiff,

v.

JANEWAY LAW FIRM,
ALISON BERRY,
DOVENMUEHLE MORTGAGE, INC.,
COLORADO HOUSING AND FINANCE AUTHORITY,
UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,
SHEILA RAINER,
MESA COUNTY SHERIFF'S OFFICE,
CFPB,
SERVICELINK AUCTIONS,
PROVIDENCE INVESTMENTS,
COLORADO ATTORNEY GENERAL/DENVER STATE OFFICE COMPLEX,
JUDGE JEREMY CHAFFIN,
JUDGE CHARLOTTE SWEENEY, and
JUDGE RICHARD GURLEY,

      Defendants.

---

ORDER DENYING MOTION

---

This matter is before the Court on the "Emergency Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction to Halt Nationwide Foreclosures, Evictions and Sales" (ECF No. 2) filed *pro se* by Plaintiff. The Court must construe the motion liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110

(10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the motion will be denied.

## Background

Plaintiff initiated this action by filing a Complaint and Request for Injunction (ECF No. 1). On September 5, 2025, Chief Magistrate Judge Scott T. Varholak ordered Plaintiff to cure certain deficiencies. (*See* ECF No. 5.) One of the deficiencies noted in that order is the fact that Plaintiff may assert only her own personal claims because a *pro se* litigant may not represent other litigants in federal court. *See* 28 U.S.C. § 1654.

In the "Emergency Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction to Halt Nationwide Foreclosures, Evictions and Sales" (ECF No. 2), Plaintiff "seeks to halt all pending and future foreclosure sales and related evictions of homes subject to federally-backed mortgages." Plaintiff asks the Court to enter a temporary restraining order ex parte and without notice to Defendants. In the Complaint and Request for Injunction (ECF No. 1), Plaintiff concedes that the foreclosure sale of her home is complete and that she was evicted from the home on June 7, 2024.

## Motion for Temporary Restraining Order

Plaintiff's motion for a temporary restraining order does not comply with Rule 65 of the Federal Rules of Civil Procedure and the Court's local rules.

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). The Court's local rules provide that a motion for a temporary restraining order

> shall be accompanied by a certificate of counsel or an unrepresented party, stating: (1) that actual notice of the time of filing the motion, and copies of all pleadings and documents filed in the action to date or to be presented to the court at the hearing, have been provided to opposing counsel and any unrepresented adverse party; or (2) the efforts made by the moving party to provide the required notice and documents. Except as provided by Fed. R. Civ. P. 65(b)(1), the court shall not consider an ex parte motion for temporary restraining order.

D.C.COLO.LCivR 65.1A.

Plaintiff fails to provide the required certificate regarding her attempts to furnish pleadings and/or give notice to the Defendants. Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

Additionally, Plaintiff fails to set forth specific facts clearly showing that immediate and irreparable injury, loss, or damage will result before the adverse party can be heard in opposition. As noted above, Plaintiff seeks to halt pending and future foreclosure sales and related evictions, but she does not allege she is subject to any pending or future foreclosure sale or eviction, and she may not assert claims on behalf of others who are.

Accordingly, it is

ORDERED that the "Emergency Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction to Halt Nationwide Foreclosures, Evictions and Sales"

3

(ECF No. 2) is denied.

DATED at Denver, Colorado, this __8th__ day of ____September____, 2025.

BY THE COURT:


____s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court